IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIMBERLY CALHOUN, <br><br> Plaintiff pro se, <br><br> v. <br><br> NATIONSTAR, <br><br> Defendant. | CIVIL ACTION FILE <br><br> NO. 1:13-CV-2581-TWT-WEJ |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on the application to proceed in forma pauperis [1] filed by plaintiff pro se, Kimberly Calhoun.  For good cause shown, the undersigned **GRANTS** plaintiff's request to proceed in forma pauperis.[1]  However, for the reasons explained below, the undersigned **RECOMMENDS** that the Complaint [1-1][2] be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] Plaintiff avers that she has $3,000.00 in monthly income, $3,863.00 in monthly expenditures, and $100.00 in a checking account, and that "IRS" and "Medical" issues are also affecting her ability to pay the costs of this proceeding. (See IFP Appl.)

[2] The document the undersigned refers to as the Complaint is styled as follows:

PETITION FOR DAMAGES and **FEDERAL STAY**
**With SUPPLEMENTAL OF JURISDICTION**
and **Stay of all State Court Claims &**
**Related State Court Claims Pursuant** to 28 U.S.C.A. 1367

## I.     THE COMPLAINT[3]

The Complaint alleges that defendant, Nationstar, violated (1) the Truth in Lending Act of 1968 ("TILA"), 15 U.S.C. § 1601 et seq., and its implementing regulation, Regulation Z, 12 C.F.R. § 226.1 et seq. (Compl. ¶¶ 4-5), (2) the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. (Compl. ¶ 4), (3) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (id.), and (4) the United States Constitution (Compl. ¶ 6).  The Complaint does not contain any specific factual allegations related to those statutes.  Instead, it is sprinkled with allegations such as the following: "The plaintiff herein complains

---

(Compl. 1.)

[3] As explained infra, the Complaint has numerous hallmarks of a "shotgun" pleading, which is frowned on by this Court.  See Figueroa v. JP Morgan Chase Bank, N.A., No. 1:09–CV–1874–RWS, 2010 WL 4117032, at *2 ("The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" (internal quotation marks omitted)).  In addition, a review of the Complaint strongly indicates that it is a form pleading plaintiff obtained from a third party and modified slightly.  (See id.).  The use of a form pleading suggests that a plaintiff has not brought her claims in good faith. Martin v. Citimortgage, No. 1:10–CV–00656–TWT–AJB, 2010 WL 3418320, at *6 n.8 (N.D. Ga. Aug. 3, 2010) ("[T]hat Plaintiff filed the same boilerplate complaint as many other litigants suggests that her claims were not brought in good faith."), report & recommendation adopted by, 2010 WL 3418322 (N.D. Ga. Aug. 25, 2010).

2

that all Defendant holding the notes failed to disclose all.  Namely the demand deposit made as a result of the Plaintiff execution of the wet ink." (Compl. 5.) Another allegation reads: "It is well settled that there was at no time constitutional dollars issued in party with any of the transactions connected to the alleged loans." (Id.)

## II.    FRIVOLITY REVIEW STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), a federal court is required to dismiss an in forma pauperis complaint if, at any time, the court determines that "(A) the allegation of poverty is untrue; or (B) the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  A claim is frivolous under § 1915(e)(2)(B)(i) when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotation marks omitted).

The standard for failing to state a claim under § 1915(e)(2)(B)(ii) is the same as that applicable under Federal Rule of Civil Procedure 12(b)(6).  See Leal v. Ga.

3

Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001) (per curiam).  To survive a motion to dismiss pursuant to that Rule, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content [entitled to assumption of truth] that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### III.  DISCUSSION

As the Complaint does not allege any specific facts, plaintiff's claims under TILA, RESPA, the FDCPA, and the United States Constitution fail under § 1915(e)(2)(B)(ii). To the extent plaintiff brings claims on bases other than those just mentioned, those claims are frivolous, as specified in § 1915(e)(2)(B)(i).

Although plaintiff is proceeding pro se and entitled to have her pleading construed liberally, that liberality "does not give a court license to serve as [her] *de facto* counsel . . . , or to rewrite [her] pleading in order to sustain [this] action." Powers v. Avondale Baptist Church, 393 F. App'x 656, 657 (11th Cir. 2010) (per curiam) (internal quotation marks omitted)); see also Brown v. Mrs. Winner's Chicken & Biscuits, No. 1:10–CV–3557–TWT–RGV, 2011 WL 2009900, at *2 n.3

(N.D. Ga. Apr. 22, 2011) ("[E]ven under Fed. R. Civ. P. 8(a)'s notice pleading provision and the liberal interpretation given to *pro se* pleadings, a complaint must include allegations respecting all material elements of the claims asserted; bare legal conclusions attached to a narrative of facts will not suffice." (internal quotation marks omitted)), report and recommendation adopted by, 2011 WL 1979499 (N.D. Ga. May 19, 2011).

Moreover, that plaintiff has filed a shotgun, form complaint counsels dismissal with prejudice rather than a lesser sanction. See Figueroa, 2010 WL 4117032, at *2 ("Dismissal of the complaint with prejudice is a drastic sanction and requires a showing that the plaintiff acted willfully or in bad faith . . . .").

## IV. CONCLUSION

For the reasons explained above, the undersigned **GRANTS** plaintiff's request to proceed in forma pauperis and **RECOMMENDS** that the Complaint [1-1] be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

The Clerk is **DIRECTED** to terminate the reference to the Magistrate Judge.

5

**SO RECOMMENDED**, this 6th day of August, 2013.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE